35-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
AYRES SHIPPING INC.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

PAKRI TANKERS OU,

                                                                          **08 Civ. 2424 (GBD)**

                    Plaintiff,

    -against-

                                                                          **ANSWER**

AYRES SHIPPING INC., LASKARIDIS
SHIPPING CO. LTD., LAVINIA CORP.
and RIGA TRANSPORT FLEET,
                    Defendant.
----------------------------------------------------------------------x

        Defendant AYRES SHIPPING INC. (hereinafter "AYRES"), through its attorneys Freehill, Hogan & Mahar, LLP, for its Answer to the Verified Complaint of Plaintiff PAKRI TANKERS (hereinafter "PAKRI") alleges upon information and belief as follows:

        1.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph FIRST of the Verified Complaint.

        2.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph SECOND of the Verified Complaint.

        3.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph THIRD of the Verified Complaint.

4. ADMITS that Defendant AYRES is a corporation organized and existing under and by virtue of the laws of the Republic of Liberia with an office and place of business at 80 Broad Street, Monrovia, Liberia, and at all material times was the owner of the M/T FORTUNE, but except as so specifically ADMITTED, DENIES each and every remaining allegation contained in Paragraph FOURTH of the Verified Complaint.

5. ADMITS that Defendant LASKARIDIS SHIPPING CO. LTD. is a corporation with an office at 5, Xenias St. & Ch. Trikoupi, GR-145 62 Kifissia, Athens, Greece, but except as so specifically ADMITTED, DENIES each and every remaining allegation contained in Paragraph FIFTH of the Verified Complaint.

6. ADMITS that Defendant LAVINA CORPORATON is a corporation, but except as so specifically ADMITTED, DENIES each and every remaining allegation contained in Paragraph SIXTH of the Verified Complaint.

7. ADMITS that Defendant RIGA TRANSPORTATION FLEET is a company registered in Latvia, but except as so specifically ADMITTED, DENIES each and every remaining allegation contained in Paragraph SEVENTH of the Verified Complaint.

8. ADMITS that on or about January 19, 2007, Plaintiff PAKRI chartered the M/T FORTUNE from Defendant AYRES for a period of about twenty-four (24) months commencing no later than 15 May, 2007, but except as so specifically ADMITTED, DENIES each and every remaining allegation contained in Paragraph EIGHTH of the Verified Complaint.

9. ADMITS that Defendant AYRES provided certain warranties in respect to the vessel as specifically set forth in the terms of the governing charter party as to the

precise meaning and effect of which AYRES makes no admissions. Further, AYRES positively asserts that the vessel was accepted by STATOIL in July 2007, but except as so specifically ADMITTED, DENIES each and every remaining allegation contained in Paragraph NINTH of the Verified Complaint.

10. DENIES each and every allegation contained in Paragraph TENTH of the Verified Complaint.

11. ADMITS that Plaintiff PAKRI sent an inspector to the vessel in July, 1007, but except as so specifically ADMITTED, DENIES each and every remaining allegation contained in Paragraph ELEVENTH of the Verified Complaint.

12. ADMITS Plaintiff PAKRI sent an inspector to the vessel in November, 2007, but except as so specifically ADMITTED, DENIES each and every remaining allegation contained in Paragraph TWELFTH of the Verified Complaint.

13. ADMITS Plaintiff PAKRI sent an inspector to the vessel in December, 2007, but except as so specifically ADMITTED, DENIES each and every remaining allegation contained in Paragraph THIRTEENTH of the Verified Complaint.

14. DENIES each and every allegation contained in Paragraph FOURTEENTH of the Verified Complaint.

15. ADMITS the allegations contained in Paragraph FIFTEENTH of the Amended Verified Complaint.

## ANSWERING THE FIRST CLAIM

16. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs "FIRST" through "FIFTEENTH" inclusive of this Answer, with the same force and effect as if herein set forth at length.

17. ADMITS that on or about December 7, 2007 the vessel called at Seville, Spain, but except as so specifically ADMITTED, DENIES each and every remaining allegation contained in Paragraph SEVENTEENTH of the Verified Complaint.

## ANSWERING THE SECOND CLAIM

18. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs "FIRST" through "SEVENTEENTH" inclusive of this Answer, with the same force and effect as if herein set forth at length.

19. DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph NINETEENTH of the Verified Complaint.

20. DENIES each and every allegation contained in Paragraph TWENTIETH of the Verified Complaint.

## ANSWERING THE THIRD CLAIM

21. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs "FIRST" through "TWENTIETH" inclusive of this Answer, with the same force and effect as if herein set forth at length.

22. DENIES each and every allegation contained in Paragraph TWENTY-SECOND of the Verified Complaint.

## ANSWERING THE FOURTH CLAIM

23. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs "FIRST" through "TWENTY-SECOND" inclusive of this Answer, with the same force and effect as if herein set forth at length.

24. DENIES each and every allegation contained in Paragraph TWENTY-FOURTH of the Verified Complaint.

25. DENIES each and every allegation contained in Paragraph TWENTY-FIFTH of the Verified Complaint.

### ANSWERING THE FIFTH CLAIM

26. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs "FIRST" through "TWENTY-FIFTH" inclusive of this Answer, with the same force and effect as if herein set forth at length.

27. DENIES each and every allegation contained in Paragraph TWENTY-SEVENTHof the Verified Complaint.

### ANSWERING THE SIXTH CLAIM AGAINST LAVINIA, LASKARIDIS and RIGA TRANSPORT FLEET AS ALTER EGOS

28. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs "FIRST" through "TWENTY-SEVENTH" inclusive of this Answer, with the same force and effect as if herein set forth at length.

29. DENIES each and every allegation contained in Paragraph TWENTY-NINTH of the Verified Complaint.

30. DENIES each and every allegation contained in Paragraph THIRTIETHof the Verified Complaint.

31. DENIES each and every allegation contained in Paragraph THIRTY-FIRST of the Verified Complaint.

32. DENIES each and every allegation contained in Paragraph THIRTY-SECOND of the Verified Complaint.

33. DENIES each and every allegation contained in Paragraph THIRTY-THIRD of the Verified Complaint.

### ANSWERING THE SIXTH CLAIM

34. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs "FIRST" through "THIRTY-THIRD" inclusive of this Answer, with the same force and effect as if herein set forth at length.

35. DENIES each and every allegation contained in Paragraph THIRTY-FIFTH of the Verified Complaint.

### FURTHER ANSWERING THE COMPLAINT AND AS AND FOR SEPARATE PARTIAL AND OR COMPLETE DEFENSES THERETO, DEFENDANT AYRES ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

36. The Verified Complaint fails to state a cause of action upon which relief may be granted as against the answering Defendant.

37. Plaintiff has improperly and /or insufficiently served process upon Defendant.

38. Plaintiff has failed to mitigate its damages.

39. Any damages, if any, suffered by Plaintiff, which are denied, were caused by the contributory negligence of the Plaintiff or others.

40. This matter is subject to arbitration and the matter should be dismissed or stayed in favor of arbitration at London pursuant to the agreement of the parties upon the posting of counter-security in favor of Defendant AYRES.

**WHEREFORE**, AYRES SHIPPING LTD. prays as follows:

a.  That the Court enter judgment against PAKRI TANKERS OU in the amount of any arbitration award obtained by AYRES SHIPPING LTD. against PAKRI TANKERS OU, plus interest, costs and attorneys' fees;

c.  That such judgment, to the extent possible, be satisfied by the security posted by PAKRI TANKERS OU; and

d.  That this Court grant AYRES SHIPPING LTD. such other, further and different relief as may be just, proper and equitable in the premises

Dated: New York, New York
       April 3, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
AYRES SHIPPING INC.

By: _____
    Michael E. Unger (MU 0045)
    80 Pine Street
    New York, NY 10005
    (212) 425-1900